United States District Court
Southern District of Texas
**ENTERED**
September 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN PABLO ROBLES HERNANDEZ, *a/k/a Juan Quinoga* G-542-22  Plaintiff,  VS.  HIDALGO COUNTY ADULT DETENTION CENTER, ADMINISTRATION AND MEDICAL ADMINISTRATION, *et al.*,  Defendants. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 7:24-CV-234 |

## REPORT AND RECOMMENDATION

Plaintiff Juan Pablo Robles Hernandez, a/k/a Juan Quinoga, a state detainee proceeding *pro se*, filed a civil-rights complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Hidalgo County Adult Detention Center. (*See* Docket No. 1.) In lieu of paying the filing fee when he filed this action, Plaintiff filed an "Application to Proceed Without Prepayment of Fees and Affidavit" as well as a copy of his inmate trust fund account. (*See* Docket Nos. 2, 3.) However, Plaintiff's filings were inconsistent and, thus, called into question his ability to proceed *in forma pauperis*. (*See id.*) Plaintiff was alerted to his deficiencies. (Docket No. 4.) Plaintiff has failed to respond to the court, correct his deficiencies, or pay the filing fee. Accordingly, the undersigned recommends that this action be dismissed.

## I.     BACKGROUND

Plaintiff filed this civil action alleging that defendants at the jail are denying a medical examination for glasses. (*See* Docket No. 1 at 3.) Plaintiff alleges that he has suffered multiple accidents because of his "lack of vision." (*Id.* at 4). As relief, Plaintiff requests to be provided with a medical eye examination so that he can receive glasses. (*Id.*)

As noted, Plaintiff has attempted to proceed with this action with IFP status. (Docket Nos. 2, 3). However, the IFP application (Docket No. 2) was inconsistent with his trust fund account statement (Docket No. 3.) In his application, Plaintiff averred under penalty of perjury that he receives "20, 30 dollars as gifts from people, friend of mine that sometimes help me with 20, 30 every 2 or 3 month or when they can . . . ." (Docket No. 2 at 2.) He also claimed that he has no cash, property, or assets. (*Id.*) In contrast, his account statement reveals that between July 2022 to March 2023 he received deposits in the amount of $1,864.64. (Docket No. 3.) Within the last six months of the date of the filing of this civil action, from September 13, 2023, to March 13, 2024, he received a total of $668, or roughly $111 per month. (*See id.*)

On July 10, 2024, the undersigned alerted Plaintiff to the inconsistency; and, more importantly, ordered him to "address[] the veracity of the statements made in his 'Application to Proceed Without Prepayment of Fees.'" (Docket No. 4.) He was ordered to respond within 30 days. (*Id.*) Plaintiff was warned that failure to comply with the Order may result in the dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice. (*Id.*) The deadline for compliance has passed and Plaintiff has not responded to the court's concerns. To date, Plaintiff has failed to: (1) file an IFP application which shows that he is indigent; (2) pay the filing fee; or (3) respond to the court's order of July 10, 2024.

## II.     ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1998). While a court may be "appropriately lenient" with a party who is proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (citation omitted).

As was previously explained to Plaintiff, if the court finds at any time that "the allegation of poverty is untrue," the IFP statute provides that it must dismiss the case, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." *Bucklew v. St. Clair*, No. 3:18-cv-2117, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (quoting 28 U.S.C. § 1915(e)(2)(A)), *R&R adopted by* 2019 WL 2249718 (N.D. Tex. May 24, 2019); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (noting that district courts retain authority and discretion to conduct reasonable investigations into allegations of poverty even after the filing fee has been paid). Dismissal is mandatory if the court determines that "the contents of an IFP application are false." *Bucklew*, 2019 WL 2250886, at *2 (quoting *Nottingham*, 837 F.3d at 441); *see also Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (per curiam) (affirming dismissal under § 1915(e)(2)(A) when the unrebutted evidence demonstrates that the plaintiff's IFP affidavits contained false evidence). "In the Fifth Circuit, dismissal under the IFP statute is predicated on the submission of false allegations in the affidavit rather than the litigant's actual

financial status." *Bucklew*, 2019 WL 2250886, at *2 (citing *Lay v. Justices-Middle District Court*, 811 F.2d 285 (5th Cir. 1987)).

Here, Plaintiff has failed to comply with the relevant rules and prosecute this action. First, based on Plaintiff's filings, the undersigned finds that "the contents of [his] IFP application are false." *Bucklew*, 2019 WL 2250886, at *2 (quoting *Nottingham*, 837 F.3d at 441); *see also Castillo*, 330 F. App'x at 466 (affirming dismissal under § 1915(e)(2)(A) when the unrebutted evidence demonstrated that the plaintiff's IFP affidavits contained false evidence). Because Plaintiff's "allegation of poverty is untrue," the IFP statute provides that it must dismiss the case, which the undersigned now recommends. *See Bucklew*, 2019 WL 2250886, at *2 (quoting 28 U.S.C. § 1915(e)(2)(A)).

Second, Plaintiff's application to proceed IFP was deficient. To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not be "absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948) (cleaned up). Here, Plaintiff failed to provide enough information to the court to show that he is financially "unable to pay [the filing] fees." *See* 28 U.S.C. § 1915(a).

Third and finally, Plaintiff has failed to correct his deficiencies and has missed the court ordered deadline to do so. Put simply, this action should be dismissed for failure to prosecute. *See Greathouse v. Tex. Dep't of Crim. Just.*, 379 F. App'x 403, 404 (5th Cir. 2010) (per curiam) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay the filing fee); *Nottingham*, 837 F.3d at 440–41 (explaining that a

district court may dismiss an action *sua sponte* for failure to comply with court orders). It appears that no lesser sanction is available based on Plaintiff's deficiencies in this action.[1]

### III.   CONCLUSION

For the foregoing reasons, the undesigned respectfully recommends that Plaintiff's civil rights action be DISMISSED without prejudice.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 4th of September, 2024 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge

---

[1] Should Plaintiff respond to the court's previous order (Docket No. 4) by correcting his deficiencies, the court may then wish to consider whether less drastic sanctions may be appropriate.